WILLIAM M. GWINN, MARSHAL, PLAINTIFF IN ERROR, *v.* BUCHANAN, HAGAN, & CO., FOR THE USE OF WILLIAM HOLLIDAY & CO.

A plaintiff has a right to direct a deputy-marshal to receive a certain description of money in satisfaction of an execution.

But the deputy-marshal then acts as agent of the plaintiff, and not as agent of the marshal.

If, therefore, the plaintiff, when he does this, gives to the deputy-marshal other instructions, which are disobeyed, the marshal himself is not responsible, but the plaintiff must look to the deputy.

THIS case was brought up, by writ of error, from the Circuit Court of the United States for the District of Mississippi.

A judgment was obtained in that court, at May term, 1839, by the defendants in error against Ephraim Gwinn and James Ballance, for the sum of $2,679·88, with interest at the rate of eight *per cent.*, from the 27th of May, 1839, until paid, and costs.

An execution was sued out upon this judgment on the 28th of June, 1839, and property of the defendants levied upon to the amount due on the execution, which property was suffered to remain in their possession, according to a law of that State, upon their executing a forthcoming bond with sufficient security. This bond was returned by William M. Gwinn, the marshal, at the next term (November term, 1839); "*forfeited*," whereby the said bond, according to the laws of Mississippi, had the force and effect of a judgment against the defendants in the original judgment, and their securities in the said bond.

Upon this last mentioned judgment, another *fi. fa.* was issued on the 19th of December, 1839, returnable to the next term of the court, to be held on the first Monday of May, 1840. This *fi. fa.* came to the hands of the marshal (the plaintiff in error), and was placed by him in the hands of T. M. Ferguson, one of his depu-

ties, to be executed. At the May term, the following return was made :—

"Satisfied in full on the third day of April, 1840.

"W. M. GWINN, Marshal,
per T. M. FERGUSON, D. Marshal."

The money was thereupon demanded of the marshal by the attorney for the plaintiffs (who are the present defendants in error), and upon this demand the marshal tendered to him the amount in the following funds :— A Treasury Note of the United States for one thousand dollars, and the balance in post notes of the Mississippi Union Bank, due in May and April, 1840, with fifteen *per cent.* added for exchange. These funds were refused by the plaintiffs' attorney, who thereupon moved the court for a judgment against W. M Gwinn, the marshal, for the amount due on the said execut on, upon the ground that the money had been collected by the marshal and not paid over on demand.

It appeared, on the hearing of the motion, that the following letter had been addressed by the plaintiffs' attorney to Ferguson, the deputy-marshal, while the execution was in his hands.

"*March 23d,* 1840.

"DEAR SIR :— In the case of Buchanan, Hagan, & Co., use of Wm. Holliday & Co., *vs.* Gwinn & Ballance, we are authorized to receive one thousand dollars in United States Treasury Notes, and the balance in post of the Union Bank, maturing May and April, 1840, *adding on the post notes fifteen per cent. for exchange.* This was what Mr. Gwinn proposed to us, and the plaintiff directs us to accede to the proposition, *provided the payment be made to us without delay,* in order that the funds may be remitted before any further depreciation shall occur. You will please communicate this to the parties at the earliest moment.

"Very respectfully,
"Your ob't servants,
"HARRISON & HOLT."

I appeared, also, that the money had been collected by the deputy marshal on the 3d of April, 1840, in the funds mentioned in the said letter, and tendered to the attorney at May term, 1840, when he made the demand above mentioned ; that the deputy-marshal did not notify the plaintiffs, or their attorney, of the receipt of the money, and that no demand for it was made previous to the term at which the execution was returnable, before which time the bank-notes had suddenly and greatly depreciated ; and that Gwinn, the marshal, knew nothing of the instructions given by the plaintiffs' attorney, nor of the collection of the money, until the meeting of the court.

Upon this evidence, the Circuit Court gave judgment against

William M. Gwinn, the marshal, for the amount of the debt, interest, and costs due upon the judgment of the forthcoming bond. An exception was taken to this opinion of the court, and the present writ of error brought by the marshal upon this judgment against him.

The case was argued by the Attorney-general, for the plaintff in error. No counsel appeared for the defendants.

Mr. Chief-Justice TANEY delivered the opinion of the court.

As a general principle, it is undoubtedly true, that the marshal is responsible for the acts of his deputy in the execution of process ; and if the deputy had taken the funds mentioned in the testimony without any orders from the plaintiffs, or their attorney, and returned the execution satisfied, the plaintiffs would not have been bound to accept these funds in discharge of their judgment, and might have insisted on the full amount from the marshal in gold and silver.

But it is clear, that the plaintiffs had a right to accept in payment of their execution whatever they thought proper. The deputy-marshal was bound to obey their directions upon that subject ; and neither the deputy nor the marshal can be held responsible to the plaintiffs for any loss they may sustain by reason of an act done in pursuance of their own instructions.

But the plaintiffs seem to suppose that the authority given to the deputy was not pursued, and that the payment of the money to them without delay was a condition annexed to the authority, which had been disregarded by the deputy. But however this may be, as between him and the plaintiffs, the act or omission of the deputy in that respect cannot make the marshal himself liable. Gwinn knew nothing of the directions given by the plaintiffs' attorney. So far as Ferguson was acting as deputy-marshal, he had no right to receive, in payment of the debt, any thing but gold and silver. He had no authority from the marshal to take any thing else. But when the plaintiffs interfered, and directed him to receive the funds above mentioned, he was, in receiving such funds, not acting under the authority of the marshal as his deputy, but as agent of the plaintiffs. And if, in executing the power they gave him, he disobeyed their instructions, they must look to him, and not to the marshal, who knew nothing of these instructions, had no concern with them, and who cannot, therefore, upon principles of law or equity, be held responsible for the manner in which they were executed.

The judgment of the Circuit Court must, therefore, be reversed, with costs.